
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN CLICK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0147 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner RICHARD ALLEN CLICK has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his convictions out of the 47th Judicial District Court of Armstrong County, Texas, for the felony offense of sexual assault of a child. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), pursuant to two judgments and sentences out of the 47th Judicial District Court of Armstrong County, Texas, each styled *State of Texas vs. Richard Allen Click*. In Cause No. 1016, petitioner was indicted on one count of sexual assault

of a child. Likewise, in Cause No. 1017, petitioner was indicted on one count of sexual assault of a child. On March 10, 2004, after a consolidated trial, a jury convicted petitioner on both counts and sentenced him to a term of twenty years imprisonment on each charge, to be served consecutively.

On September 22, 2005, petitioner's convictions were affirmed on direct appeal in an unpublished opinion by the Seventh District Court of Appeals. *Click v. State*, Nos. 07-04-0103-CR, 07-04-0117-CR (Tex.App.--Amarillo 2005). A petition for discretionary review was filed on December 22, 2005, and the Texas Court of Criminal Appeals denied the petition on March 29, 2006.

On March 20, 2007, petitioner filed two state applications for a writ of habeas corpus challenging the instant convictions. *Ex parte Click*, App. Nos. 67,622-02, 67,622-03. On July 11, 2007, the Court of Criminal Appeals denied both applications without written order. On July 18, 2007, petitioner filed two applications for federal habeas relief, one for each conviction.[1] On September 13, 2007, this Court ordered those applications to be consolidated.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The indictment was invalid because the state failed to prove a quorum of the grand jury concurred in the terms of the indictment as written by the prosecution;

2. The state's charges were not valid law because the state used "an unofficial

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

code";

3. The prosecutor was not a licensed attorney;

4. A juror engaged in misconduct because the juror informed the court after the trial began that he knew petitioner and rented the home where the offense occurred;

5. Petitioner's conviction was based upon insufficient evidence;

6. The trial court abused its discretion by allowing the prosecutor to try the case without a license;

7. Trial counsel provided ineffective assistance because:
    a. counsel did not object to a questionable juror remaining on panel after the juror spoke to the court;
    b. counsel did not object to the trial court allowing the prosecutor to try the case without a license;
    c. counsel did not challenge the sufficiency of the evidence after seeing that the medical report supported petitioner's defense; and,
    d. counsel failed to protect petitioner's due process rights;

and,

8. Appellate counsel provided ineffective assistance because:

    a. counsel failed to raise juror misconduct on appeal;
    b. counsel failed to raise trial court error in allowing the prosecutor to try the case without a license;
    c. counsel failed to raise insufficiency of the evidence; and,
    d. counsel failed to raise the violation of petitioner's due process rights.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of the claims he now presents

to this federal court. Therefore, it is the opinion of the Magistrate Judge that petitioner has exhausted his available state court remedies, and that this cause not be dismissed for any failure to exhaust, but instead, be decided on the merits.

IV.
STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner filed two state habeas applications in the Texas Court of Criminals Appeals relating to Cause Nos. 1016 and 1017. The Court of Criminal Appeals denied *Ex parte Click*, App. No. 67,622-02, -03 on July 11, 2007, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims

on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

## V.
## MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

### A.
### Indictment

In his first ground, petitioner argues the indictments returned against him were invalid because the state failed to prove a quorum of the grand jury concurred in the terms of the indictment. Petitioner provides no factual support for this statement. Conclusory allegations made by a petitioner do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-1012 (5th Cir. 1983).

Furthermore, even if petitioner had provided evidentiary support for this allegation, "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993) (citing *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985)). When a petitioner has presented the issue of the sufficiency of the indictment to the highest state court, and that court has held that the indictment is sufficient, then a federal habeas court will not consider claims that the indictment is insufficient. *Id.* In addition to seeking discretionary review by the Court of Criminal Appeals, which was denied, petitioner

raised this allegation before that same court in his state habeas applications, which was also denied. Thus, the Court of Criminal Appeals has "necessarily, though not expressly, held . . . that the indictment is sufficient. . . ." *Alexander*, 775 F.2d at 599. Accordingly, this Court need not further address this issue. *See M<sup>c</sup>Kay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

## B.
### Charges Not Valid Law

In his second ground, petitioner asserts his constitutional rights were violated when the state charged him under an unofficial code, making the charge invalid. Again, petitioner provides no factual support for this allegation and nothing in the record indicates the language of the indictments or jury charge in any way contained language that is not present in the relevant state statute, § 22.011(a)(2)(A) of the Texas Penal Code. Moreover, questions of state law may not be reviewed on federal habeas unless a violation of state law renders the conviction fundamentally unfair. *See, e.g., Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006); *Hughes v. Dretke*, 412 F.3d 582, 591 (5th Cir. 2005); *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001). Petitioner has not presented a claim upon which federal habeas relief can be granted, and the claim is without merit.

## C.
### Prosecutor Not Licensed

In his third ground, petitioner claims his constitutional rights were violated because the assistant district attorney trying the case was not licensed to practice law. Petitioner appears to base this claim upon an exchange between petitioner's trial counsel, the prosecuting attorney, and the trial judge during a pre-trial hearing. During that hearing, petitioner's trial counsel informed the court, apparently in jest, that the assistant district attorney, Janelle M<sup>c</sup>Bride, was

not listed in State Bar of Texas records, which Ms. M<sup>c</sup>Bride admitted was "true."² In a sworn affidavit submitted to the Texas Court of Criminal Appeals, Ms. M<sup>c</sup>Bride stated that she had recently married prior to the hearing, and the state bar records were not yet updated to reflect her new last name. Because the Court of Criminal Appeals denied petitioner's state habeas applications, which included this ground, that court implicitly accepted the explanation given by Ms. M<sup>c</sup>Bride. This claim is without merit.

## D.
### Alleged Juror Misconduct

In his fourth ground, petitioner alleges his rights were violated by juror misconduct during the guilt/innocence phase of his trial. In order for a petitioner's right to a fair trial to be impinged upon by a juror's failure to disclose information during voir dire, the petitioner "must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDounough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984).

Petitioner bases his claim on a note sent out by a juror after the jury retired to deliberate, which he alleges shows the juror "personally" knew the defendant. In the note, the juror stated, "I did not know that the alleged crime took place at my home. I am aware of the way sound carries or does not carry in the house."³ R.R., Vol. 5 at 31. The juror also inquired whether he could discuss his knowledge with the other jurors. *Id.* Before calling a recess, the trial judge informed counsel that he intended to call the juror in to discuss the note and instruct him to

---

²A review of the transcript of the pre-trial hearing shows that this was a joking exchange, not meant to be taken seriously, as demonstrated by the court reporter's inserting (repeatedly) that laughter accompanied this exchange. Reporter's Record (hereafter, R.R.), Vol. 2 at 17-18.

³The note was read into the record while the prosecutor, defense counsel, and petitioner were all present.

"stick strictly to the admonition in the written charge, to consider only the evidence from the stand or documentary evidence," to which petitioner's trial counsel replied, "That's perfect." *Id.* During the judge's examination of the juror, the following exchange occurred in the presence of petitioner and his counsel:

| | |
|---|---|
| THE COURT: | Okay Mr. Bristo,[4] you're one of the jurors, and I have received your note that you wrote us. I appreciate that. That is quick thinking, and you listened to the charge and I appreciate that. And you obviously heard the part of the charge about only considering the evidence that was given to you on the stand? |
| JUROR BRISTO: | Yes, sir. |
| THE COURT: | And nothing else – and nothing in your common experience, especially about your house on Hermosa, and I'm telling you to not disclose to the others anything about that house or anything else in your outside experience about anything to do with your deliberations, and to consider only the things in the – that were introduced at the trial. |
| JUROR BRISTO: | Okay. |
| THE COURT: | I thank you. |
| JUROR BRISTO: | Okay. Are y'all going to call us back in? |
| THE COURT: | No, this is the end of this. You just go deliberate. |
| JUROR BRISTO: | Thank you. |

*Id.* at 32. Respondent correctly asserts that the above exchange does not indicate bias on the part of the juror due to a personal relationship with petitioner. Even if the Court reviewed this claim on another basis, *i.e.*, that Juror Bristo potentially possessed personal knowledge outside of the trial evidence (how sound carried or did not carry), there is no basis to find this juror did not

---

[4] This juror's name is spelled both "Bristo" and "Bristoe" in the record.

follow the court's instructions as he stated he could and would. Furthermore, in light of the testimony of both of the alleged victims, which, as discussed *infra*, was sufficient to support a guilty verdict, any issue regarding sound was *de minimis*, and petitioner has not shown prejudice. The trial court's action, *i.e.*, instructing the juror to follow the charge and not consider evidence outside the record, was a reasonable instruction, and, as set forth above, there is nothing in the record indicating the juror did not follow such instruction. Indeed, the juror's sending the note out as soon as the jury began deliberations shows how seriously he took the court's charge. Nothing alleged by petitioner[5] or in the record indicates any misconduct, and, absent evidence to the contrary, jurors are presumed to follow the instructions given by the court. *Zafiro v. United States*, 506 U.S. 534, 540-541 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Further, the state court's denial of habeas relief on this ground was not unreasonable in light of the facts, which is the standard for granting relief under the AEDPA. *See* 28 U.S.C. § 2254(d)(2). This claim is without merit.

E.
Sufficiency of the Evidence

In his fifth ground, petitioner alleges his conviction was obtained with insufficient evidence. Specifically, petitioner alleges the sexual assault nurse's trial testimony shows there was no evidence of a sexual assault of one of the victims, B.C. This claim is procedurally defaulted because petitioner failed to raise it on direct appeal. *See Renz v. Scott*, 28 F.3d 431, 432 (1994).

Based on the doctrine of independent and adequate state grounds, federal courts generally

---

[5] Petitioner does not allege that he personally knows Juror Bristo, nor has he provided any facts, other than the above exchange, that he is in any way connected to the juror.

are barred from considering a petitioner's claim when he fails to satisfy a state procedural rule related to that claim. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). The only time such a claim may be considered is if the petitioner shows both cause for the procedural default, such as ineffective assistance of counsel, and prejudice resulting from the default, or if the petitioner "demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Id.* at 750. As discussed below, petitioner's claim of ineffective assistance of appellate counsel, which is the only possible cause he could show for not raising this issue, is without merit. Because petitioner has failed to show adequate cause for not raising this issue on direct appeal, this Court need not address prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982). Furthermore, petitioner does not claim, nor does anything in the record support a claim, that a failure to address the sufficiency of the evidence on the merits will result in a fundamental miscarriage of justice.

Even without this procedural default, petitioner's claim is without merit. In addressing a sufficiency of the evidence claim, a federal habeas court must view the evidence, "in the light most favorable to the prosecution, [and determine whether] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Petitioner bases his insufficiency claim on the sexual assault nurse's testimony that there was no visible trauma on the victim she examined. As the nurse testified, such evidence was consistent with the assault of B.C. occurring as alleged, *i.e.*, digital penetration of B.C.'s vagina, and was also consistent with no assaultive contact occurring. R.R., Vol. 4 at 165-166, 171. Therefore, the nurse's testimony was neither exculpatory nor inculpatory, but merely a nullity, neither helping nor hurting either side.

Furthermore, the jury had ample evidence to support their verdict. Both victims testified at trial. The older victim, A.C., testified petitioner began fondling her about age eleven or twelve. A.C. further testified that, by the time she was thirteen, the abuse escalated to sexual intercourse occurring several times a week and continuing until the end of December 2002. The younger victim, B.C., testified petitioner began fondling her when she was about age eleven or twelve. B.C. also testified that, a couple of days before Christmas 2002, when she was fourteen, petitioner held her down on a bed, removed her shorts and panties, and penetrated her vagina with his finger. During petitioner's assault of B.C., the box spring was broken, a fact which was confirmed by the Armstrong County sheriff during his trial testimony.[6] In light this direct testimony, petitioner's claim is without merit.

F.
Abuse of Discretion

In his sixth ground, petitioner alleges the trial judge abused his discretion by allowing an unlicensed prosecutor to try the case. This allegation is without merit. See paragraph C. above discussing petitioner's claim that the prosecutor was not a licensed attorney.

G.
Ineffective Assistance of Trial Counsel

In his seventh ground, petitioner alleges his trial counsel was ineffective in a number of ways. Specifically, he alleges trial counsel was ineffective because he failed to:

(1)  Object to Juror Bristo remaining on the panel;

---

[6] Although the testimony of the victims was the only direct evidence of the sexual assaults, numerous witnesses testified to corroborating facts, thus enhancing the victims' credibility. For example, the victims' mother testified that the girls were often left alone with petitioner and that the girls' relationship with petitioner became strained around the time the abuse began.

(2) Object to a non-licensed prosecutor trying the case;

(3) Challenge the sufficiency of the evidence; and

(4) Protect petitioner's due process rights.

The standard for establishing ineffective assistance of counsel is extremely high. A petitioner must show both that his counsel's representation "fell below an objective standard of reasonableness" based upon the standards of the legal profession and that petitioner was prejudiced by the failure, meaning the outcome of the trial would have been different but for counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. As stated by respondent, on federal habeas review of a state conviction, the question is whether the state habeas court's finding that counsel was not ineffective is contrary to or an unreasonable application of federal law. *Busby v. Dretke*, 359 F.3d 708 (5th Cir. 2004) (quoting *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003)).

Petitioner has not made the requisite showing, and nothing in the record indicates the Court of Criminal Appeals' denial of state habeas—which implicitly held that trial counsel was not ineffective by denying petitioner relief[7]—was contrary to federal law. Further, petitioner's first allegation of ineffectiveness, juror misconduct, is without merit. There was nothing for counsel to object to, and no error to preserve for appeal. Petitioner's second allegation is also without merit because the prosecutor was a licensed attorney, and there was never any serious question about her being licensed. Petitioner's third allegation of ineffectiveness is also without

---

[7]Although the Texas Court of Criminal Appeals denied petitioner's state habeas petitions without written order, that court has stated that a denial–as opposed to a dismissal–indicates the court addressed and rejected the merits of a petition. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

merit because there was sufficient evidence in the record upon which the jury could render its verdict.

Petitioner's final allegation of ineffectiveness consists only of a general assertion that counsel failed to protect petitioner's due process rights. Petitioner provides no facts in support of this claim. Such a conclusory allegation does not raise any constitutional issues that warrant federal habeas review. *See Ross,* 694 F.2d at 1011-1012.

## H.
### Ineffective Assistance of Appellate Counsel

In his eighth and final ground, petitioner claims appellate counsel rendered ineffective assistance by failing to raise on appeal the same issues petitioner claims rendered his trial counsel ineffective. An ineffective assistance of *appellate* counsel claim is also analyzed under the two-pronged test enunciated in *Strickland v. Washington.* Thus, a petitioner must demonstrate appellate counsel was deficient, and the deficiency prejudiced his case. *Strickland,* 466 U.S. at 687. To prove prejudice, a petitioner "must show a reasonable probability that, but for counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Appellate counsel's failure to raise certain issues on appeal does not deprive a petitioner of effective assistance of counsel if the petitioner cannot show the existence of any trial errors with even arguable merit. *Hooks v. Roberts,* 480 F.2d 1196, 1198 (5th Cir. 1973). No authority suggests "the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Clearly, then,

counsel has no duty to press frivolous issues on appeal. As discussed above, petitioner's alleged grounds are without merit. Therefore, appellate counsel was not ineffective because he did not raise these meritless issues on appeal.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RICHARD ALLEN CLICK be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June 2008.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).